## THE MARY MORGAN.[1]

### *(Circuit Court, E. D. Pennsylvania. April 22, 1886.)*

COLLISION—NEGLIGENCE—DEFECTIVE LIGHTS—DAMAGES.

The steamer Mary Morgan, with her lights set and burning, was passing down the Delaware river at night. It was somewhat dark, and the tide was at ebb. A single white light was seen, which was supposed to be on a vessel at anchor. This was a mistake, however, as the light was on the barge Pierrepont, which was coming up the river on a course which was virtually that of the Morgan. The Pierrepont's side lights were up and burning, but were in bad condition. She saw the Morgan, but did not signal her until the vessels were too close to avoid a collision. *Held*, that the Pierrepont was in fault in not having her lights in proper condition, and in failing to give a timely signal; that the Morgan was in fault in concluding that the Pierrepont was at anchor, and in continuing to act upon that conclusion when they were near enough to have, by the exercise of a proper degree of vigilance, discovered her error; and that, as both vessels were culpable, each was liable for its proportionate share of the accruing damage.

In Admiralty.

*Alfred Driver* and *J. Warren Coulston*, for the Pierrepont.

*Morton P. Henry* and *Henry G. Ward*, for the Mary Morgan.

McKENNAN, J. On the eighth day of August, 1879, the Mary Morgan, a steam-vessel, with her lights set and burning, was passing

[1] Reported by C. B. Taylor, Esq., of the Philadelphia bar.

down the River Delaware, near mid-channel, above Fort Delaware, after night. The tide was ebb, and it was somewhat dark. Her speed was about eight miles an hour. She was in charge of a pilot, and had a lookout in his proper place. A white light ahead, a little off her starboard bow, no other lights being observed, was taken to be on a vessel at anchor. Proceeding under this belief, without any reduction of her speed, and without any effort to ascertain whether the vessel bearing the white light was really at anchor or not, she continued her course until quite near the vessel, which proved to be the Pierrepont, when, receiving one blast of a whistle from the latter, she answered, put her wheel hard a-port, and reversed her engines. She was so near, however, that, before any material change in her course had occurred, she came into collision with the, Pierrepont. Her conclusion that the vessel carrying the white light was at anchor was erroneous. The Pierrepont was coming up the river a very little, if any, to the westward of the course of the Mary Morgan, so nearly to the course of the latter as to make it virtually the same. The Pierrepont's side lights were up and burning, but they were in bad condition, the lanterns being incrusted with smoke. She sighted the Mary Morgan when a safe distance away, and saw that she was very nearly, if not immediately, in front of the Morgan. She did not, however, signal to the Morgan until the vessels were so near together that a collision could not be avoided. Notwithstanding the defective condition of the Pierrepont's lights, a proper degree of vigilance on the part of the Mary Morgan, when the vessels were near each other, would have disclosed to her the fact that the Pierrepont was not at anchor, but was approaching, when she might possibly have made a successful effort to avoid a collision.

Upon these facts I am of opinion that the Pierrepont was in fault in not having her lights in proper condition, so that they might have been seen by the Morgan when the vessels were not in dangerous proximity to each other, and in not giving a timely signal, as it was her duty to do under the circumstances; and that the Mary Morgan was culpable in concluding that the Pierrepont was at anchor, and in continuing to act upon this conclusion after the vessels were near enough together to enable her to determine with certainty that her first impression was wrong, and that the Pierrepont was approaching her upon a line which involved great danger of collision.

It follows that both vessels were in fault, and must be held liable for their respective proportions of the accruing damages. The decrees of the district court are therefore affirmed, and it is now decreed that the same decrees made by that court be entered in this court, with interest upon the sums adjudged against the parties, respectively, from the date of said decrees, and with costs.